UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

DECKERS OUTDOOR CORPORATION,

                          Plaintiff,                  19 Civ. 10951 (PAE)

            -v-

                                                    ORDER

PW SHOES, INC.,

                          Defendant.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

       The Court has reviewed a letter from plaintiff Deckers Outdoor Corporation ("Deckers"), *see* Dkt. 29 ("Deckers Ltr."), a response from PW Shoes, Inc. ("PW"), *see* Dkts. 30–31 ("PW Ltr."), and a letter from Deckers responding to PW, *see* Dkt. 32 ("Deckers Resp."), regarding the parties' recent discovery disputes. The Court resolves those disputes as follows.

       On March 6, 2020, the Court entered a Civil Case Management Plan governing, *inter alia*, discovery in this action. Dkt. 19 ("CMP"). The CMP contemplated the parties concluding fact discovery by July 1, 2020, *id.* at 1, but the parties sought and received extensions of time to do so in light of the COVID-19 pandemic, Dkts. 21–22, 27–28. Accordingly, fact discovery is now scheduled to conclude on November 30, 2020. Dkt. 28.

       On September 15, 2020, Deckers submitted a letter motion to compel discovery. Deckers Ltr. In that motion, Deckers alleges that, despite PW's June 2020 indication that it intended to produce some relevant documents in response to Deckers's request for production ("RFP"), PW had yet to do so. *Id.* Accordingly, Deckers asks the Court to compel PW to "provide responsive documents found to be in their possession." *Id.* Deckers's letter does not contain a "representation that the meet-and-confer process occurred and was unsuccessful." Individual Rule 2(C).

On September 18, 2020, PW filed a letter both responding to Deckers's motion and also seeking to compel the production of certain settlement agreements by Deckers. PW Ltr. at 1. As to Deckers's motion to compel, PW represents that Deckers filed its motion in the midst of the parties' meet-and-confer process, and that negotiations begun on a September 8, 2020 telephone conference were scheduled to continue on September 22, 2020. *Id.* It further represents that PW intended to produce documents responsive to several requests last week. *Id.* at 2. As to its own motion to compel, PW argues that it is entitled to receive copies of settlement agreements Deckers has entered into in cases it has brought against other defendants alleging violations of the same trade-dress and patent rights asserted in the instant case. *Id.* at 2. Although PW represents that this motion is "ripe for judicial consideration," its letter does not clearly state that the parties have met, telephonically or in person, to resolve this dispute. *Id.*

On September 22, 2020, Deckers responded to the portion of PW's letter seeking to compel the production of its prior settlement agreements. Deckers Resp. In that letter, Deckers contends that the settlement agreements requested are not relevant to the case because they are not admissible evidence and do not bear on PW's liability; that the volume of agreements requested is not proportional to the needs of the case; and that, even if some agreements may be relevant, the Court should limit the scope of PW's request and perform an *in camera* inspection of the agreements to determine their relevance on a case-by-case basis. *Id.*

Both of these disputes appear to be premature for resolution by the Court. Deckers filed its motion to compel before concluding the meet-and-confer process that the Court's Individual Rules require. Individual Rule 2(C). Although it is less clear from the parties' letters whether they completed the requisite telephonic meet-and-confer over the settlement-agreements issue, the parties' letters fail to represent that they have done so.

Accordingly, the Court denies both Deckers's and PW's motions as premature, without prejudice to renewal if—after the thoroughgoing meet-and-confer process required by the Court's Individual Rules has concluded—they remain unable to resolve either dispute.  As to PW's motion, upon initial review, it appears to the Court that the settlement papers sought by PW are likely, at least in part, relevant to damages in this litigation.  At the same time, Deckers appears to have sound bases for asserting that these documents are confidential.  The Court reminds all counsel that, under the protective order entered on July 31, 2020, *see* Dkt. 26, producing counsel are at liberty to designate discrete materials as warranting heightened levels of protection—including for protection on an attorneys' eyes only basis.  In attempting collegially to resolve this dispute, counsel may wish to consider whether use of protective-order provisions such as these affords a means of balancing the parties' respective interests with respect to the materials at issue.

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 29 and 31.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: September 28, 2020
       New York, New York